Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Patrick G. Conroy, OSB #223806
Email: patrick@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS
NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorney for Plaintiff Joseph Bugher

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Joseph Bugher** | Case No. 3:26-cv-01122 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **STATE OF OREGON DEPARTMENT OF CORRECTIONS; MIKE REECE, JILL GOLDSMITH, HEIDI STEWARD and GAIL LEVARIO in his or her individual capacity for damages and in his/her official capacity solely for prospective declaratory and injunctive relief.** | **Claim: $6,950,000**<br>**Filing Fee: $405** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.

This civil rights action arises from the retaliatory termination of Plaintiff Joseph Bugher after he engaged in protected speech exposing systemic constitutional violations within the Oregon Department of Corrections ("ODOC"), including substandard medical care, failures in PREA compliance, discrimination, and misuse of public funds.

2.

Plaintiff repeatedly communicated concerns regarding failures in inmate medical care, delays in specialty treatment, transportation-related healthcare backlogs, misuse of investigative processes, retaliation against employees, discrimination complaints, PREA-related concerns, and manipulation of institutional accountability systems.

3.

Plaintiff's communications addressed matters of substantial public concern, including constitutional obligations owed to Adults in Custody ("AICs"), racial discrimination, institutional integrity, misuse of governmental authority, and public safety.

4.

Rather than address these concerns, Defendants conspired and initiated and advanced a pretextual investigation that omitted exculpatory evidence, excluded identified witnesses, ignored HR and DOJ consultation, and selectively presented information designed to support predetermined conclusions.

5.

Defendants thereafter placed Plaintiff on administrative leave, restricted his system access, publicly escorted him from the workplace, terminated his employment, and disseminated false and stigmatizing allegations regarding Plaintiff's honesty, ethics, and professional conduct.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

6.

Defendants further failed to provide Plaintiff with a meaningful opportunity to clear his name after publication of stigmatizing allegations to legislators, media organizations, policymakers, and external stakeholders.

7.

Defendants' conduct violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, as well as federal and Oregon state statutory laws and common law.

## JURISDICTION AND VENUE

8.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

9.

This Court has Supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred within this District.

## PARTIES

11.

Plaintiff Joseph Bugher is a resident of Oregon and former Assistant Director of Health Services for ODOC.

12.

Defendant Oregon Department of Corrections ("ODOC") is a state agency organized under Oregon law and responsible for operating correctional institutions within Oregon.

13.

Defendant Mike Reece ("Reece") was at all material times Director of ODOC and a final policymaker regarding executive-service discipline, investigations, and termination decisions.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Reece is sued in his individual capacity for damages under 42 U.S.C. § 1983 and in his official capacity solely for prospective declaratory and injunctive relief.

14.

Defendant Heidi Steward ("Steward") was at all material times Deputy Director of ODOC and a final policymaker regarding executive-service discipline, investigations, and termination decisions. Steward is sued in her individual capacity for damages under 42 U.S.C. § 1983 and in her official capacity solely for prospective declaratory and injunctive relief.

15.

Defendant Jill Goldsmith ("Goldsmith") was an investigator who conducted the investigation leading to Plaintiff's termination. Goldsmith is sued in her individual capacity for damages under 42 U.S.C. § 1983 and in her official capacity solely for prospective declaratory and injunctive relief.

16.

Defendant Gail Levario ("Levario") was a Human Resources official who facilitated and permitted the unconstitutional process. Levario is sued in her individual capacity for damages under 42 U.S.C. § 1983 and in her official capacity solely for prospective declaratory and injunctive relief.

17.

For the claims asserted under 42 U.S.C. § 1983, Plaintiff seeks monetary damages from Defendants Reece, Steward, Goldsmith, and Levario solely in their individual capacities. Plaintiff seeks prospective declaratory and injunctive relief against the appropriate state officials in their official capacities pursuant to Ex parte Young, 209 U.S. 123 (1908).

## FACTUAL ALLEGATIONS

18.

Plaintiff began employment with ODOC in approximately 2004 and served in multiple positions over more than twenty years of service.

PAGE 4 – **COMPLAINT**

19.

Plaintiff eventually became Assistant Director of ODOC Health Services and was tasked with improving accountability, patient care, institutional compliance, and operational stability within the division.

20.

ODOC leadership specifically directed Plaintiff to improve standards of care, hold staff accountable, address institutional failures, and stabilize a division that had experienced repeated leadership turnover.

21.

Plaintiff routinely worked with HR personnel, DOJ counsel, risk-management personnel, medical leadership, and executive administration regarding operational, personnel, and constitutional issues affecting ODOC Health Services.

22.

Plaintiff reported specific instances of systemic misconduct within ODOC, including:

   a.    failures to provide medical care delivery,

   b.    Multiple inadequate PREA investigations involving allegations of sexual abuse by providers, and

   c.    Multiple reports of ignored discrimination complaints, each of which implicated constitutional protections and created substantial risks of harm to Adults in Custody.

   d.    These disclosures were made outside Plaintiff's ordinary job duties and as such constitute protected citizen speech.

23.

Plaintiff repeatedly reported concerns regarding systemic failures in inmate medical care, including:

   a.    Repeated delays in specialty referrals,

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

b.  Accumulation of transportation backlogs,

c.  TLC denials,

d.  Inappropriate delays in treatment,

e.  Continual staffing deficiencies when funds were available to fund deficient positions,

e.  Failures in institutional processes resulting in AIC injuries, and

f.  Multiple operational deficiencies affecting AIC safety.

24.

Internal ODOC communications acknowledged substantial backlogs in off-site medical appointments, including hundreds of delayed appointments resulting from intentional transportation shortages and operational failures.

25.

Plaintiff escalated concerns beyond his chain of command after internal reporting failed to result in corrective action, reinforcing that his speech was not part of routine duties but rather citizen speech.

26.

Plaintiff reported concerns regarding:

a.  Retaliatory conduct,

b.  Discriminatory treatment of Dr. Warren and Hispanic AIC's,

c.  PREA-related mismanagement that exposed AIC's to harm,

d.  Manipulation of investigations to manufacture outcomes,

e.  Misuse of audit findings,

f.  Falsification of records, and

g.  Failures by HR to adequately investigate discrimination complaints.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

27.

Plaintiff's disclosures addressed matters of public concern extending beyond ordinary personnel disputes and implicated constitutional healthcare obligations, public safety concerns, and misuse of government authority.

28.

Plaintiff's communications included direct reports and discussions with high-level policymakers, executive leadership, HR personnel, DOJ counsel, and external correctional-healthcare collaborators.

29.

Plaintiff additionally raised concerns regarding investigations involving medical providers, including concerns regarding patient-care deficiencies that posed serious risks to AIC health and safety.

30.

Plaintiff worked with HR personnel, DOJ attorneys, outside physicians, and correctional-healthcare experts concerning complex medical and personnel issues affecting ODOC Health Services.

31.

The temporal proximity between Plaintiff's protected disclosures and the adverse employment actions supports a reasonable inference of retaliatory motive.

32.

Plaintiff and Dr. Roberts consulted with HR personnel and DOJ attorneys regarding how to appropriately investigate clinical issues involving ODOC medical providers because of concerns regarding fairness, authority, bias, and professional licensing obligations.

33.

Plaintiff and others determined that independent outside physician review was necessary to evaluate clinical issues objectively and reduce concerns regarding bias or retaliation.

PAGE 7 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

34.

Plaintiff coordinated or participated in obtaining outside physician reviews from medical professionals associated with other correctional systems, including the Colorado Department of Corrections and Washington Department of Corrections.

35.

Plaintiff removed himself from certain clinical review processes because he was not a physician and believed medical determinations should be independently evaluated by qualified medical professionals.

36.

Plaintiff additionally reported concerns regarding discrimination complaints and retaliation within ODOC Health Services.

37.

Plaintiff reported concerns regarding retaliation against employees who participated in investigations or raised protected complaints.

38.

Plaintiff further reported concerns involving systemic operational failures affecting institutional healthcare delivery and constitutional compliance obligations.

39.

Shortly after Plaintiff's disclosures and accountability efforts, Defendants initiated or advanced an investigation targeting Plaintiff and Dr. Roberts.

40.

Plaintiff was placed on administrative leave on December 5, 2024, shortly after making protected disclosures, and terminated on February 3, 2025.

41.

The investigation conducted by Defendant Goldsmith materially omitted exculpatory evidence and excluded witnesses identified by Plaintiff.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

42.

Defendant Goldsmith deliberately omitted material exculpatory evidence and failed to include corroborating witnesses supporting Plaintiff's disclosures, while selectively relying on incomplete or misleading information, thereby creating a distorted investigative record.

43.

Defendant Reece had access to the underlying investigative record, including evidence supporting Plaintiff's disclosures, yet approved termination without independent review, thereby ratifying the flawed investigation.

44.

Defendant Reece personally reviewed the investigative findings, received Plaintiff's mitigation submissions, approved the termination decision, ratified the investigative findings, and authorized dissemination of the allegations underlying Plaintiff's termination.

45.

Steward reviewed investigative materials, approved continuation of disciplinary proceedings despite knowledge of investigative defects and participated in decisions leading to Plaintiff's termination.

46.

Goldsmith conducted the investigation, selected witnesses, excluded identified witnesses, omitted exculpatory evidence, and prepared the investigative findings relied upon to terminate Plaintiff.

47.

Levario participated in HR review of Plaintiff's complaints, was informed of investigative deficiencies, and failed to take corrective action despite knowledge of those deficiencies.

48.

The investigation ignored or failed to meaningfully address Plaintiff's communications with HR personnel and DOJ attorneys regarding the actions later characterized as misconduct.

PAGE 9 – **COMPLAINT**

49.

Plaintiff repeatedly informed Defendants that the investigation omitted material facts, excluded relevant witnesses, ignored HR and DOJ involvement, and created a misleading narrative.

50.

Plaintiff's speech addressed matters of public concern including inmate safety, prison health practices, PREA compliance, failures to adequately investigate allegations of sexual abuse by providers, and systemic misconduct within the Oregon correctional system.

51.

Plaintiff informed Defendants that HR personnel, including Defendant Levario, acknowledged concerns regarding the investigative process and advised Plaintiff that investigative errors had occurred.

52.

Plaintiff informed Defendants that he believed he was being unfairly targeted and subjected to a misleading investigative process.

53.

Plaintiff additionally informed Defendants that actions criticized by the investigation had been undertaken only after consultation with HR personnel, DOJ attorneys, or medical leadership.

54.

Plaintiff informed Defendants that independent outside medical experts had been consulted to objectively review clinical issues involving provider conduct and patient-care concerns.

55.

Plaintiff informed Defendants that the investigation failed to account for the complexity of clinical review authority, medical oversight responsibilities, and institutional decision-making processes.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

56.

Plaintiff informed Defendants that subordinate employees whose own conduct and performance issues were under review had made retaliatory complaints against Plaintiff to avoid accountability.

57.

Plaintiff further informed Defendants that the investigation selectively omitted facts and presented partial truths creating a misleading narrative designed to scapegoat Plaintiff for broader systemic issues.

58.

Despite having actual knowledge of these investigative defects and omissions, Defendants Reece and Steward approved reliance upon the investigative findings.

59.

Defendants Reece and Steward knowingly allowed disciplinary proceedings to continue despite awareness of material investigative deficiencies.

60.

Reporting unlawful conduct and systemic violations was not a routine ministerial duty of Plaintiff's position.

61.

Plaintiff's speech constitutes protected citizen speech under the First Amendment.

62.

Plaintiff identified cost savings to the Department in excess of fifty million dollars through internal pharmacy practices but was directed not to disclose that information to the legislature.

63.

On information and belief, the cost savings were not reported to the legislature and on belief, were diverted to other purposes not budgeted for while medical services remained understaffed.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

64.

Plaintiff was terminated prior to the legislative budget cycle during which he would have testified about the costs savings.

65.

Defendants Reece and Steward failed to conduct a meaningful corrective review of Plaintiff's objections and mitigation evidence.

66.

Plaintiff thereafter was placed on administrative leave.

67.

Reece, as final policymaker, personally ratified and approved the constitutional violations.

68.

These longstanding institutional practices known to and approved by executive leadership included:

a. Failing to protect whistleblowers;

b. Tolerating retaliatory investigations; and,

c. Approving retaliatory discipline.

69.

Defendants restricted Plaintiff's access to systems and facilities.

70.

Defendants pressured Plaintiff to take retaliatory action against another employee who was attempting to correct misconduct and malpractice.

71.

Plaintiff reported internal efforts to discredit that employee through interference with medical care processes, but Defendants dismissed those concerns.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

72.

Plaintiff reported misconduct to Human Resources, which failed to adequately investigate or document complaints.

73.

Plaintiff complained about repeated failures by Human Resources to address misconduct.

74.

Plaintiff reported that he was being misrepresented during the investigation and that key witnesses and advisors were not consulted.

75.

Defendants were aware that Plaintiff was being targeted with false allegations after reporting misconduct.

76.

Despite this knowledge, Defendants failed to protect Plaintiff from retaliation.

77.

Defendants' actions constituted deliberate indifference to Plaintiff's constitutional rights and, on information and belief agreed to act in a manner to deprive Plaintiff of those rights.

78.

Plaintiff was publicly escorted from the workplace in a manner suggesting wrongdoing or security concerns.

79.

Plaintiff provided detailed mitigation materials rebutting the investigation's conclusions and identifying omitted evidence, excluded witnesses, HR involvement, DOJ consultation, and investigative inaccuracies.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

80.

Plaintiff's mitigation submissions specifically explained that multiple challenged actions had been reviewed, approved, or discussed with HR personnel, DOJ attorneys, and executive leadership.

81.

Plaintiff additionally informed Defendants that many accusations originated from individuals whose own conduct, patient-care issues, or accountability concerns were under investigation.

82.

Defendants failed to conduct meaningful follow-up investigation into Plaintiff's mitigation evidence.

83.

On or about February 3, 2025, Defendants terminated Plaintiff's employment.

84.

Defendants justified Plaintiff's termination based upon the investigation and asserted that leadership had lost confidence in Plaintiff's judgment and leadership abilities.

85.

Defendants knew or reasonably should have known that the investigation contained materially disputed findings, omitted exculpatory evidence, and failed to account for Plaintiff's explanations and mitigation evidence.

86.

Defendants thereafter disseminated or permitted dissemination of stigmatizing allegations regarding Plaintiff to legislators, media organizations, policymakers, ODOC personnel, and external stakeholders.

87.

Defendants publicly characterized Plaintiff as dishonest, retaliatory, unethical, incompetent, or otherwise professionally unfit.

PAGE 14 – **COMPLAINT**

88.

Defendants knew or reasonably should have known those allegations were materially misleading because they were based upon a defective and incomplete investigation.

89.

Defendants failed to provide Plaintiff with a constitutionally adequate and meaningful name-clearing hearing before or after dissemination of stigmatizing allegations.

90.

Plaintiff has suffered severe economic losses, reputational harm, emotional distress, humiliation, and impairment of future employment opportunities as a direct result of Defendants' conduct.

91.

Plaintiff continues to suffer ongoing injury from the maintenance, reliance upon, and dissemination of the investigative findings, disciplinary determinations, and termination records described herein. Unless enjoined, Defendants acting in their official capacities will continue to maintain and rely upon those records, causing continuing reputational, professional, and economic harm.

## FIRST CLAIM FOR RELIEF

### (First Amendment Retaliation – 42 U.S.C. § 1983)

### Against Reece, Steward, Goldsmith, and Levario individually

92.

Plaintiff realleges and incorporates paragraphs 1 through 91.

93.

Plaintiff engaged in constitutionally protected speech involving matters of public concern.

PAGE 15 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

94.

Plaintiff's protected speech included reports regarding constitutional healthcare obligations, patient-care failures, retaliatory conduct, discrimination complaints, PREA-related concerns, misuse of investigative systems, operational failures, and institutional misconduct.

95.

Defendants knew of Plaintiff's protected activity.

96.

Defendants took adverse employment actions against Plaintiff, including initiation of a pretextual investigation, placement on administrative leave, restriction of access, stigmatization, and termination.

97.

Plaintiff's protected activity was a substantial or motivating factor in Defendants' actions.

98.

Evidence of retaliatory motive includes temporal proximity, escalation of investigations following Plaintiff's protected activity, exclusion of exculpatory evidence, selective investigative practices, and Defendants' refusal to meaningfully address Plaintiff's mitigation evidence.

99.

Defendants' conduct would chill a person of ordinary firmness from engaging in protected speech.

100.

As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

## SECOND CLAIM FOR RELIEF

### (42 U.S.C. § 1983 Conspiracy)

### Against Reece, Steward, Goldsmith, and Levario individually

101.

Plaintiff realleges and incorporates paragraphs 1 through 100.

PAGE 16 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

102.

Defendants reached an understanding, agreement, or meeting of the minds to retaliate against Plaintiff for engaging in protected activity and for refusing to conceal misconduct and operational failures within ODOC Health Services.

103.

Defendants coordinated actions to:

a. Advance a pretextual investigation;

b. Exclude exculpatory evidence and witnesses;

c. Ignore HR and DOJ involvement contradicting investigative conclusions;

d. Characterize Plaintiff as dishonest or unethical;

e. Justify Plaintiff's termination through misleading investigative findings; and

f. Disseminate stigmatizing allegations externally.

104.

Defendants committed overt acts in furtherance of the conspiracy, including investigative interviews, approval of findings, placement on leave, restriction of access, public escort from the workplace, termination, and dissemination of stigmatizing allegations.

105.

As a direct and proximate result of the conspiracy, Plaintiff suffered constitutional injury, reputational harm, emotional distress, and economic damages.

**THIRD CLAIM FOR RELIEF**

**(Fourteenth Amendment Due Process – Stigma-Plus Deprivation Under 42 U.S.C. § 1983)**

**Against Reece, Steward, Goldsmith, and Levario individually**

106.

Plaintiff realleges and incorporates by reference paragraphs 1 through 105 as though fully set forth herein.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

107.

Defendants Reece and Steward had actual knowledge of constitutional violations, investigative defects, and material deficiencies in the investigation used to justify discipline and termination of Plaintiff.

108.

Defendants Reece and Steward personally participated in the constitutional violations alleged herein by reviewing, approving, ratifying, authorizing, and relying upon investigative findings they knew or reasonably should have known were materially incomplete, misleading, inaccurate, and unreliable.

109.

Defendants Reece and Steward knowingly failed to correct investigative defects, ignored exculpatory evidence, disregarded Plaintiff's mitigation submissions, and authorized discipline and termination despite awareness of substantial constitutional concerns regarding the fairness and accuracy of the investigation.

110.

Defendants Reece and Steward were moving forces behind the constitutional injuries suffered by Plaintiff.

111.

Defendants made, authorized, ratified, and disseminated false and stigmatizing statements accusing Plaintiff of dishonesty, retaliation, unethical conduct, abuse of authority, incompetence, misconduct, and other conduct incompatible with the duties of a public executive.

112.

The stigmatizing allegations were published and disseminated to legislators, media organizations, policymakers, Oregon Department of Corrections personnel, and other internal and external stakeholders.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

113.

Defendants knew or reasonably should have known that the investigation underlying those allegations omitted exculpatory evidence, excluded key witnesses, ignored relevant human resources and Department of Justice consultation, disregarded Plaintiff's mitigation submissions, and contained materially disputed and unreliable factual findings.

114.

The stigmatizing allegations were directly connected to and relied upon as a basis for Plaintiff's discipline and termination from executive public employment.

115.

Plaintiff's termination from executive employment, together with the dissemination of stigmatizing allegations that impaired his reputation, professional standing, and future employment opportunities, constitutes a deprivation of liberty protected by the Fourteenth Amendment.

116.

The publication and dissemination of the stigmatizing allegations damaged Plaintiff's reputation, impaired his ability to obtain comparable employment, and adversely affected his professional and career prospects.

**FOURTH CLAIM FOR RELIEF**

**(In the Alternative: Common Law Wrongful Discharge)**

117.

Plaintiff incorporates paragraphs 1–116 as if fully set forth herein and pleads this claim in the alternative.

118.

Plaintiff alleges that existing statutory remedies may not fully vindicate the public policies implicated by his reporting of governmental misconduct and constitutional violations and therefore pleads wrongful discharge in the alternative.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

119.

Plaintiff was terminated for fulfilling an important public duty by reporting unlawful conduct and threats to institutional safety.

120.

Termination under these circumstances violates Oregon public policy.

## FIFTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

122.

Plaintiff incorporates paragraphs 1–120 as if fully set forth herein.

123.

Defendants engaged in extreme and outrageous conduct.

124.

Defendants intended to cause severe emotional distress.

125.

Plaintiff suffered severe emotional distress as a result.

## DAMAGES

126.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered substantial economic losses, including lost wages, salary increases, retirement contributions, health insurance benefits, leave accruals, deferred compensation, and other employment-related benefits.

127.

Plaintiff has suffered and will continue to suffer back pay damages from the date of his termination through the date of judgment.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

128.

Plaintiff has suffered and will continue to suffer loss of retirement benefits, including lost PERS service credits, employer retirement contributions, and related retirement benefits.

129.

Plaintiff has suffered future economic losses and diminished earning capacity because Defendants' actions have impaired his ability to obtain comparable executive-level employment within corrections, healthcare administration, public service, and related fields.

130.

Plaintiff has suffered severe emotional distress, anxiety, humiliation, embarrassment, loss of professional identity, and loss of enjoyment of life.

131.

Plaintiff has suffered substantial reputational harm arising from Defendants' publication and dissemination of false and stigmatizing allegations accusing him of dishonesty, retaliation, unethical conduct, abuse of authority, incompetence, and professional misconduct.

132.

Defendants' conduct has substantially impaired Plaintiff's standing within his profession and damaged his future employment opportunities.

133.

Defendants' actions were intentional, malicious, oppressive, and/or undertaken with reckless or callous indifference to Plaintiff's federally protected constitutional rights.

134.

Plaintiff is entitled to recover punitive damages against the individual Defendants in their individual capacities pursuant to 42 U.S.C. § 1983.

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

135.

Plaintiff is entitled to recover reasonable attorney fees, expert witness fees where authorized, litigation expenses, and costs pursuant to 42 U.S.C. § 1988, ORS 659A.885, and other applicable law.

136.

Plaintiff's damages are presently estimated to exceed $6,950,000 and continue to accrue.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants and each of them as follows:

**INDIVIDUAL-CAPACITY RELIEF**

A.      For back pay, lost compensation, lost employment benefits, lost retirement contributions, and all other past economic damages against Defendants Reece, Steward, Goldsmith, and Levario, in their individual capacities, in an amount to be proven at trial but presently estimated to exceed $900,000;

B.      For front pay, loss of future earnings, loss of earning capacity, and future economic damages against Defendants Reece, Steward, Goldsmith, and Levario, in their individual capacities, in an amount to be proven at trial but presently estimated to exceed $1,500,000;

C.      For compensatory damages for emotional distress, anxiety, humiliation, embarrassment, loss of professional identity, reputational injury, loss of professional standing, and stigma-plus liberty-interest damages against Defendants Reece, Steward, Goldsmith, and Levario, in their individual capacities, in an amount to be proven at trial but presently estimated to exceed $2,050,000;

D.      For punitive damages against Defendants Reece, Steward, Goldsmith, and Levario, in their individual capacities, pursuant to 42 U.S.C. § 1983, in an amount to be determined by the jury but presently estimated to exceed $2,500,000;

PAGE 22 – **COMPLAINT**

E.      For reasonable attorney fees, litigation expenses, expert witness fees where authorized, and costs pursuant to 42 U.S.C. § 1988, ORS 659A.885, and other applicable law;

**OFFICIAL-CAPACITY PROSPECTIVE DECLARATORY AND INJUNCTIVE RELIEF**

F.      For a declaration that Defendants, acting under color of state law, violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution;

G.      For an order requiring Defendants, in their official capacities, to provide Plaintiff with a constitutionally adequate name-clearing hearing consistent with the Due Process Clause of the Fourteenth Amendment;

H.      For an order directing Defendants, in their official capacities, to expunge, withdraw, correct, or otherwise remove adverse investigative findings, disciplinary determinations, and termination findings arising from the unconstitutional conduct alleged herein;

I.      For an order directing Defendants, in their official capacities, to correct Plaintiff's personnel records to accurately reflect the disposition of the matters alleged in this Complaint and to remove references to findings determined to be unconstitutional, materially inaccurate, misleading, or unsupported;

J.      For reinstatement to Plaintiff's former position or a substantially equivalent position, together with restoration of seniority, benefits, retirement status, and employment rights, or, if reinstatement is determined to be impracticable, for prospective equitable relief including front pay in lieu of reinstatement as permitted by law;

K.      For pre-judgment and post-judgment interest as allowed by law; and

L.      For such other and further relief as the Court deems just, equitable, and proper.

**TOTAL DAMAGES PRESENTLY ESTIMATED: $6,950,000**

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

PAGE 23 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

DATED this 3rd day of June 2026.

Respectfully submitted,

**EMPLOYMENT LAW PROFESSIONALS**

By:    */s/ Randy J. Harvey*
       Randy J. Harvey, OSB #116714
       Email: randy@elpnw.com

       20015 SW Pacific Hwy., Suite 221
       Sherwood, Oregon 97140
       Telephone: 503-822-5340
       Facsimile: 503-433-1404

       Of Attorney for Joseph Bugher